## EDENS *et al.* v. WHAN.

No. 4596.   Opinion Filed June 22, 1915.

Rehearing Denied July 27, 1915.

(150 Pac. 451.)

**APPEAL AND ERROR—Deposit for Costs—Dismissal.** Where the cost deposit of the plaintiff in error made with the clerk of the Supreme Court, required by law, is exhausted by proper charges against the same, and, upon notice, a further deposit for costs is not made, the appeal, on motion, will be dismissed.

(Syllabus by Galbraith, C.)

*Error from District Court, Texas County;*
*R. H. Loofbourrow, Judge.*

Suit by Ada Whan against William Edens and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*William Edens, M. G. Wiley,* and *W. G. Hughes,* for plaintiffs in error.

*V. H. Grinstead,* for defendant in error.

Opinion by GALBRAITH, C.   This appeal was prosecuted for the purpose of reviewing the decree of the trial court canceling and vacating certain conveyances of real and personal property located in Texas county, Okla. The record was filed with the clerk of this court November 29, 1912, and the cause was regularly submitted June 7, 1915.

Edens et al. v. Whan.

The defendant in error presents a motion, service of which has been duly made upon one of the attorneys of record of the plaintiffs in error, to dismiss the appeal for the reason that the cost deposit made with the clerk of this court has been exhausted, and the plaintiffs in error refuse to make an additional deposit. An examination of the docket kept by the clerk of this court discloses that the original deposit of $10 made by the plaintiffs in error upon filing the record has been exhausted by proper charges made against it, and that notice of this fact and request to make an additional deposit has been mailed to William Edens, who is also attorney of record for the plaintiffs in error, and that such request has not been complied with. Section 7 of Act of March 25, 1913 (Sess. Laws, p. 163), provides that:

"The clerk shall require the plaintiff in error or appellant to make further deposit of a sufficient sum to cover all additional costs that may accrue in said cause." *Bohart v. Anderson*, 24 Okla. 82, 103 Pac. 742, 20 Ann. Cas. 142.

These costs belong to the state, and we deem it to be the duty of the court to assist the clerk in collecting them.

We therefore recommend that the motion be granted, and the appeal be dismissed.

By the Court: It is so ordered.